# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DANIEL EDWARD SAFRONENKO,

       Defendant-Appellant.

UNPUBLISHED
September 10, 2015

No. 321895
Oakland Circuit Court
LC No. 2013-247831-FH

Before: TALBOT, C.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

Daniel Edward Safronenko appeals as of right his jury trial conviction of first-degree retail fraud.[1] The trial court sentenced Safronenko, a third habitual offender,[2] to one year in jail, with the sentence to be suspended after 30 days upon entry into a zero tolerance program. We affirm.

Safronenko argues that he was denied the right to a meaningful allocution at sentencing. We disagree. Because Safronenko did not preserve this argument by raising it below, our review is for plain error.[3] To be entitled to relief, Safronenko must demonstrate that (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected his substantial rights.[4] If Safronenko satisfies these three requirements, this Court "must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence."[5]

---

[1] MCL 750.356c.

[2] MCL 769.11.

[3] *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

[4] *Id*. at 763.

[5] *Id*. at 763-764 (quotation marks, brackets, and citation omitted).

-1-

At sentencing, a trial court must, on the record, "give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence[.]"[6] The record shows that the trial court followed this mandate. Perhaps the most loquacious speaker was Safronenko himself, who engaged in a thorough discussion with the trial court regarding his employment, housing, family, past criminal activity, substance abuse, mental health issues, and treatments. Despite this discussion, Safronenko now argues that he was incompetent at the time of sentencing, and thus, was denied the right to a meaningful allocution.

A criminal defendant is presumed competent unless it is determined that " 'he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner.' "[7] The issue of a defendant's competence may be raised by the prosecution, the defense, or the trial court.[8] A trial court is obligated to raise the issue of incompetence *sua sponte* if facts are brought to its attention that raise a bona fide doubt regarding whether the defendant is competent.[9] "The test for such a bona fide doubt is whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial."[10] "Evidence of a defendant's irrational behavior, a defendant's demeanor, and a defendant's prior medical record relative to competence are all relevant in determining whether further inquiry in regard to competency is required."[11]

At sentencing, Safronenko engaged in a coherent and logical discussion with the trial court. His discussion demonstrated that he was well aware of his past history and his present circumstances. He expressed his understanding of the charge for which he stood to be sentenced. He discussed his family, housing, and employment, as well as the effect a jail sentence would likely have on these areas of his life. Overall, Safronenko's allocution was a logical and reasoned discussion of why a lesser sentence would be appropriate. Nothing from Safronenko's discussion with the trial court provides the slightest indication that he was incompetent.

Safronenko argues that, due to his psychiatric history, there was a bona fide doubt with regard to his competency. This psychiatric history consists of diagnoses of attention deficit disorder in 1995 and bipolar disorder in 1997. Safronenko was born in 1985, meaning that these diagnoses were made when he was 10 and 12 years old, respectively. Given that these diagnoses were made when Safronenko was a child, it is doubtful that the diagnoses are of much relevance

---

[6] MCR 6.425(E)(1)(c). See also *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

[7] *People v Kammeraad*, 307 Mich App 98, 137; 858 NW2d 490 (2014), quoting MCL 330.2020(1).

[8] *Id*. at 138.

[9] *Id*.

[10] *Id*. at 138-139 (quotation and brackets omitted).

[11] *Id*. at 139.

to his competency as an adult.[12]  Given Safronenko's clear and cogent discussion with the trial court at sentencing, the mere existence of these past diagnoses does not raise a bona fide doubt regarding Safronenko's competency.[13]  Accordingly, Safronenko has not demonstrated error.

Affirmed.

/s/ Michael J. Talbot
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood

---

[12] Nor does Safronenko offer any explanation of how these conditions would cause him to be incompetent to speak on his own behalf.

[13] It is worth noting that Safronenko discussed his mental health history with the trial court and indicated that while he was not currently taking medications on the advice of a counselor, his treatment with this counselor had "proven to be very helpful."  That Safronenko was aware of his mental health issues and was actively treating these issues further demonstrates that he was competent at the time of sentencing.